UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

**CHARLES THOMAS,** an individual,   Hon.
        Plaintiff,   Case No.
v.
**VAN SUILICHEM ENTERPRISES, LLC,**
A Michigan Limited Liability Company, and ,
**DAVID WAYNE VAN SUILICHEM**, an individual,
jointly and severally,
        Defendants.

_____/

**AVANTI LAW GROUP, PLLC**
Robert Anthony Alvarez (P66954)
Agustin Henriquez (P79589)
Attorneys for Plaintiff
600 28th St. SW
Wyoming, MI 49509
(616) 257-6807
ralvarez@avantilaw.com

_____/

## PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT
## AND JURY DEMAND

NOW COMES Plaintiff Charles Thomas, by and through his attorneys at the Avanti Law Group, PLLC, and in his Original Complaint states as follows:

1. This is a civil action brought on behalf of Plaintiff, on behalf of himself and all others similarly situated (hereinafter referred to as "Plaintiffs"), to recover for Defendants' willful and knowing violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq*.

2. Plaintiff is similarly situated with other employees who worked for or are working for Defendants who were not paid minimum wage for all hours worked.

1

3. Plaintiff is similarly situated with other employees who worked for or are working for Defendants and were not compensated mandated overtime premium for all hours worked in excess of forty (40) in a work week.

4. Defendants violated the FLSA by failing to pay employees, including Plaintiff, time and one-half for each hour worked in excess of forty (40) per workweek. The FLSA requires the non-exempt employees to be compensated for overtime work at the mandated overtime wage rate. Accordingly, Plaintiff brings this collective action to recover unpaid overtime compensation under 29 U.S.C. § 207 and § 216(b).

5. Defendants violated the FLSA by failing to pay employees, including Plaintiff, minimum wage for all hours worked. The FLSA requires employees to be compensated at a mandated minimum wage rate.

6. Plaintiff seeks a declaration that his rights, and those of others similarly situated, were violated, an award of unpaid wages, and award of liquidated damages along with an award of attorneys' fees and costs. At the earliest time possible, Plaintiff seeks permission to send a Court authorized notice of this action, pursuant to 29 U.S.C. § 216(b), to all similarly situated individuals and potential class members as defined below

7. Defendants, likewise, have not and do not pay the overtime rate to other similarly situated workers. Plaintiff brings a Collective and Class Action to recover unpaid overtime compensation owed to themselves and on behalf of all other similarly situated employees, current and former, of Defendants. Members of the Collective and Class Actions are hereinafter referred to as "Class Members."

## COVERAGE

8. At all material times, Defendants have been an employer within the meaning of section 203(d) of the FLSA, which is defined to include any person acting directly or indirectly in the interest of an employer in relation to an employee. 29 U.S.C. § 203(d).

9. At all material times, Defendants have been an enterprise in commerce or in the production of goods for commerce within the meaning of section 203(s)(1) of the FLSA because Defendants have had and continue to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

10. At all material times, Plaintiff and Class Members were employed in an enterprise engaged in commerce, or were engaged in commerce or in the production of goods for commerce as required by sections 206 and 207 of the FLSA.

11. Plaintiff was engaged in commerce either through work related to the actual movement of commerce, work that regularly uses the channels of commerce; or work related to the instrumentalities of commerce.

12. Defendants are an enterprise engaged in commerce or the production of goods for commerce as defined by the FLSA.

13. Furthermore, Defendants have had, and continue to have, an annual gross business volume in excess of the statutory standard of $500,000.

14. Defendants provided training to Plaintiff and Class Members, controls and has knowledge of the hours to be worked by Plaintiff and Class Members, directs the work of Plaintiff and Class Members and set the compensation received by each.

## JURISDICTION AND VENUE

15. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

16. Defendant corporation's employees were either (1) engaged in commerce; or (2) engaged in the production of goods for commerce; or (3) employed in an enterprise engaged in commerce or in the production of goods.

17. Plaintiff was engaged in commerce either through 1) work related to the actual movement of commerce; 2) work that regularly uses the channels of commerce; or 3) work related to the instrumentalities of commerce.

18. Defendant corporation's annual sales exceed $500,000, and each Defendant employs more than two persons, so the FLSA applies in this case on an enterprise basis.

19. Defendant VanSuilichem Enterprises, LLC is and was at all times relevant incorporated in the State of Michigan and has its principal place of business located in Wyoming, Michigan, within the United States Judicial District of the Western District of Michigan.

20. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the actions and omissions giving rise to the claims pled in this Complaint occurred in this District.

## PARTIES

21. Plaintiff Charles Thomas (hereinafter referred to as "Thomas") is an individual who at all times relevant to this complaint resided in the County of Kent, state of Michigan.

22. Plaintiff executed a consent to sue form, attached hereto as *Exhibit A.*

23. Defendant Van Suilichem Enterprises, LLC (hereinafter referred to as "Van Suilichem Enterprises") is a Michigan Limited Liability Company whose registered office is located at 5273 S. Division Ave., Wyoming, Michigan. *Exhibit B.*

24. Defendants operate as a franchise of EverDry Waterproofing and do business as EverDry of Greater Grand Rapids. *Exhibit C.*

25. Defendant Van Suilichem Enterprises provides basement waterproofing services.

26. Defendant David Wayne Van Suilichem (hereinafter referred to as "Van Suilichem") is an individual who at all times relevant to this complaint is the owner and resident agent of Defendant Van Suilichem Enterprises.

27. Defendant Van Suilichem at all times relevant to this complaint is and was in charge of the day-to-day operations of Defendant Van Suilichem Enterprises.

28. Defendants employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

## GENERAL ALLEGATIONS

29. Plaintiff Thomas worked as a general laborer for Defendants.

30. Plaintiff first began working for Defendants on or around December of 2017 and ceased working for Defendants on or around June of 2018.

31. Defendant Van Suilichem hired Plaintiff Thomas.

32. Plaintiff was a general laborer which required him to break up cement, make cement, and waterproof basements.

33. Plaintiff at all relevant times to this complaint was paid on a per job basis and was not paid hourly.

34. Plaintiff was paid $200 per job on a flat rate basis.

35. During his employment Plaintiff would complete two to three jobs per week.

36. Plaintiff was compensated by Defendant between approximately $400 and $600 per week not counting bonuses.

37. Plaintiff worked an average of seventy (70) hours per work week. His schedule was as follows:

    a. Monday through Saturday - 6:00am to 6:00pm.

38. Plaintiff Thomas cleaned and prepared trucks for the day while off the clock.

39. Plaintiff Thomas was not compensated for time spent cleaning and preparing the trucks.

40. Defendants did not compensate Plaintiff at the rate of one and one-half times his rate for all hours worked over forty (40) hours per workweek as required by the FLSA.

41. Defendant did not pay the statutorily mandated minimum wage for all hours worked.

## WILLFUL VIOLATIONS OF THE FLSA

42. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by its failure to compensate Plaintiff at the statutory minimum wage and overtime rate of one and one-half for all hours worked in excess of forty (40) hours per week, when Defendants knew or should have known such was due and that non-payment of overtime pay would financially injure Plaintiff.

43. Defendants are a sophisticated business and individuals with the knowledge and expertise to know that the payment structure of its workers was and is impermissible under the FLSA.

44. Defendants utilized their business to subvert their obligations under state and federal law.

45. The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, an employee is entitled to her unpaid minimum and overtime wages plus an additional equal amount in liquidated damages, costs, and reasonable attorney's fee.

## COLLECTIVE ACTION ALLEGATIONS

46. Plaintiff realleges and incorporates herein all previous paragraphs.

47. All claims set forth in all Counts of this action are brought pursuant to the FLSA, 29 U.S.C. § 216(b). Named Plaintiff brings this count on his own behalf and on behalf of all other current or former employees who 1) worked or are working for Defendants at any time in the three years prior to the filing of this action, and 2) were or are subject to the

violations of the FLSA described in Count I and II. Named Plaintiff does not bring this action on behalf of any executive, administrative, and professional employees exempt from coverage under the FLSA.

48. With respect to all Counts, a collective action under the FLSA is appropriate because under 29 U.S.C. § 216(b) the employees described are "similarly situated" to the named Plaintiff.

49. The class of employees on behalf of whom Plaintiff brings this collective action are similarly situated because they have been or are employed in the same or similar positions as the individually named Plaintiff, were or are subject to the same or similar unlawful practices, policy, or plan as the individually named Plaintiff, and their claims are based upon the same legal theory as the individually named Plaintiff.

50. The precise numbers of class individuals are known only to the Defendants, and are believed to include well over forty (40) individuals.

51. The class of individuals spans all employees who worked for Defendants.

52. As such, the class of similarly situated Class Members are properly defined as follows:

*Current and former workers of Van Suilichem Enterprises, LLC who were paid on a per job basis and/or were not compensated time-and-a-half for hours worked in excess of 40 hours during a workweek.*

Plaintiff reserves the right to amend this definition as necessary.

## COUNT I

8

## VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. §201 et seq., FAILURE TO PAY OVERTIME

53. Plaintiff hereby incorporates and realleges all the paragraphs above.

54. At all relevant times, Defendants have been "employer[s]" within the meaning of the FLSA, 29 U.S.C. § 203.

55. At all relevant times, Plaintiff was an "employee" of Defendants as the term is defined under the FLSA.

56. At all times relevant to this action, Defendants "suffered or permitted" the Plaintiff to work and thus "employed" Plaintiff within the meaning of FLSA, 29 U.S.C. §203(g).

57. The FLSA requires an employer to pay employees the federally mandated minimum wage as well as an overtime premium rate of one and one-half times their regular rate of pay for every hour worked in excess of 40 hours per workweek, 29 U.S.C. §206.

58. By failing to compensate Plaintiff at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, Defendants have violated the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. § 206(a)(1), § 207(a)(1) and § 215(a).

59. Plaintiff was not paid at the rate of one and one-half times his regular rate of pay for work performed in excess of forty (40) hours in a workweek.

60. Defendants' violations of the FLSA were knowing and willful.

61. The FLSA, 29 U.S.C. §216(b), provides that as a remedy for a violation of the Act, an employee is entitled to his unpaid overtime wages plus an additional equal amount in liquidated damages, costs, and reasonable attorney's fee.

62. As a result of Defendants' violation, Plaintiff is entitled to his unpaid wages plus an additional equal amount in liquidated statutory damages along with costs and reasonable attorney fees.

## COUNT II

### VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. §201 et seq., FAILURE TO PAY STATUTORY MINIMUM WAGE

63. Plaintiff hereby incorporates and realleges all the paragraphs above.

64. At all relevant times to this action, Defendants have been "employer[s]" within the meaning of the FLSA, 29 U.S.C. § 203.

65. At all relevant times, Plaintiff was an "employee[s]" of Defendants as the term is defined under the FLSA.

66. At all times relevant to this action, Defendants "suffered or permitted" the Plaintiff to work and thus "employed" Plaintiff within the meaning of FLSA, 29 U.S.C. §203(g).

67. The FLSA requires an employer to pay employees the federally mandated minimum wage for all hours worked, 29 U.S.C. § 206-207.

68. Defendants failed to compensate Plaintiff at the required minimum wage for all hours worked.

69.     As a result of the violation, Plaintiff is entitled to his unpaid outstanding and minimum wages plus an additional equal amount in liquidated statutory damages along with costs and reasonable attorney fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests the following relief:

A.      Certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set for in Count I and II;

B.      Ordering Defendants to disclose in computer format, or in print if no computer readable format is available, the names and addresses of all those individuals who are similarly situated, and permitting Plaintiff to send notice of this action to all those similarly situated individuals including the publishing of notice in a manner that is reasonably calculated to apprise the potential class members of their rights under this litigation;

C.      Designation of Named Plaintiff as Representative of the Class Members;

D.      Designation of Plaintiff's counsel as Class counsel;

E.      Declaring Defendants willfully violated the Fair Labor Standards Act and its attendant regulations as set forth in Count I and II;

F.      Declaring Defendants violated its obligations under the FLSA;

G.      Granting judgment in favor of Plaintiff and Class Members and against Defendant on the FLSA claim as set forth in Count I and II and awarding each the amount of his/her unpaid wages, along with an equal amount as liquidated damages;

H.      Awarding Plaintiff and Class Members the costs of this action;

I.      Awarding Plaintiff and Class Members reasonable attorneys' fees pursuant to the FLSA;

J.    Awarding Plaintiff and Class Members pre- and post-judgment interest on their damages;

K.    Defendant pay prejudgment interest to Plaintiff and Class Members on these damages;

and

L.    The Court grant such other and further relief as the Court may deem just or equitable.

Dated: February 5, 2019                                    Respectfully Submitted,

/s/   Robert Anthony Alvarez
Robert Anthony Alvarez (P66954)
Attorney for Plaintiff
Avanti Law Group. PLLC

### REQUEST FOR TRIAL BY JURY

NOW COMES Plaintiff Charles Thomas, by and through his attorney, and hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Respectfully Submitted,                    /s/   Robert Anthony Alvarez            .
Robert Anthony Alvarez (P66954)
Attorney for Plaintiff
Avanti Law Group. PLLC
600 28th Street SW
Wyoming, MI 49509
(616) 257-6807
ralvarez@avantilaw.com

12