UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

**CHARLES THOMAS,** an individual,

        Plaintiff,

v.

**VAN SUILICHEM ENTERPRISES, LLC,**
A Michigan Limited Liability Company, and ,
**DAVID WAYNE VAN SUILICHEM,** an individual,
jointly and severally,

        Defendants.

Hon. Phillip J. Green

Case No. 1:19-cv-00090

| AVANTI LAW GROUP, PLLC<br>Robert Anthony Alvarez (P66954)<br>Attorneys for Plaintiff<br>600 28th St SW<br>Wyoming, MI 49509<br>(616) 257-6807<br>ralvarez@avantilaw.com | SMITH HAUGHEY RICE & ROEGGE<br>Kevin B. Even (P38599)<br>Christopher S. Berry (P68580)<br>Rachael M. Roseman (P78917)<br>Attorneys for Defendants<br>900 Third St., Ste. 204<br>Musekgon, MI 49440<br>(231) 724-4320<br>keven@shrr.com<br>cberry@shhr.com |
|---|---|

### JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT AND TO DISMISS CASE WITH PREJUDICE

Plaintiff, Charles Thomas ("**Plaintiff**") and Defendants Van Suilichem Enterprises, LLC., and David Wayne Van Suilichem ("**Defendant**s") (collectively, the "Parties"), bring this motion requesting that the Court (1) approve the Parties' settlement of this Fair Labor Standards Act ("**FLSA**") action, including the mutual releases associated therewith, and (2) dismiss this action in its entirety with prejudice. The Settlement Agreement and General Release ("**Agreement**"), which is attached as **Exhibit A**, resolves a *bona fide* dispute concerning overtime wages, and was reached in good faith through arms-length negotiations between experienced counsel. Further, the Parties agree that the settlement set forth in the Agreement is fair and reasonable, and that no hearing before the Court is needed or requested.  For all of the reasons set forth

1

herein, the Parties jointly request that their motion for settlement approval and dismissal be granted as set forth in the attached Proposed Order.

## I. FACTUAL BACKGROUND

Plaintiff worked for Defendants Van Suilichem Enterprises, LLC. and David Wayne Van Suilichem between December 2017 to February 2018. He filed his Original Collective Action Complaint initiating this lawsuit on February 5, 2019, asserting two claims: (1) a claim that the Defendants violated the Fair Labor Standards Act ("**FLSA**"), 29 U.S.C. § 201, *et seq*. by failing to pay him and others similarly situated overtime pay for hours for work performed in excess of forty (40) hours in a workweek; and (2) a claim that Defendants violated the Fair Labor Standards Act("FLSA"), 29 U.S.C. § 201, *et seq*. by failing to pay him and others similarly situated the statutorily mandated minimum wage for all hours worked. (ECFR No. 1).

Through their counsel, the Parties are familiar with the facts of the case and the legal issues raised by the pleadings. Both before and during the litigation, the Parties conducted a thorough investigation into the merits of their respective claims and defenses. The Parties have also engaged in formal discovery during the prosecution of this lawsuit, including the exchange of Rule 26 disclosures and service of formal document requests and interrogatories.

Informed by their knowledge of the underlying facts and the applicable law, the Parties, through their counsel, agreed that attempting to resolve this case by agreement would be more efficient than litigating it. Settlement negotiations ensued, and, through their respective counsel, the Parties reached an agreement to settle this lawsuit as reflected in the Agreement attached as *Exhibit A*.

The terms and conditions of the settlement reflected in the Agreement are a product of the Parties' negotiations and represent a reasonable compromise of the disputed issues in this case. The Parties jointly advise that the Agreement being submitted for review and approval by

the Court includes every term and condition of the settlement, such that there are no side deals or other terms outside of those being provided to the Court for review.

I.   **SUMMARY OF THE SETTLEMENT TERMS**

Under the Settlement Agreement, Defendants have agreed to pay a gross settlement amount of $75,000.  Of this amount, $35,000 is allocated for Plaintiff and Opt In's alleged back wages and liquidated damages.  The remaining $40,000 is allocated for Plaintiff's attorneys' fees and costs.  Defendants shall tender the payments above to Plaintiff's counsel of record in accordance with the Settlement Agreement terms upon the Court's approval of this settlement.  In consideration for the terms within the Settlement Agreement, the Parties have agreed to a mutual general release of claims.

II.   **LAW AND ARGUMENT**

A.   **STANDARD FOR APPROVAL OF FLSA SETTLEMENTS**

Settlement of employees' claims under the FLSA must be approved by either the Secretary of Labor or a district court.  *See Lynn's Food Stores, Inc. v. United States, U.S. Dep't of Labor*, 679 F.2d 1350, 1352-53 (11th Cir. 1982).

When parties bring a proposed settlement of an FLSA claim before a court, the Court must scrutinize the settlement to determine whether it is a fair and reasonable resolution of a bona fide dispute.  *Id*. at 1354-55.  If a settlement in an employee FLSA suit reflects "a reasonable compromise over issues," such as FLSA coverage or computation of back wages that are "actually in dispute," the court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id*. at 1354.

In determining whether a settlement is fair and reasonable, courts consider:

> (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery completed; (4) the likelihood of success on the merits; (5) the opinion of class counsel and representatives; (6) the reaction of absent class members; and (7) the public interest in the settlement.

3

*Int'l Union, United Auto., Aerospace and Agr. Implement Workers of Am. v. General Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007); *Granada Invs., Inc. v. DWG Corp.*, 962 F.2d 1203, 1205 (6th Cir. 1992)). A district court may choose to consider only the factors that are relevant to the settlement at hand.

When considering these factors, the Court should keep in mind the 'strong presumption' in favor of finding a settlement fair. *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977). Moreover, a "settlement is a compromise, a yielding of the highest hopes in exchange for certainty and resolution.'" *In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 806 (3rd Cir. 1995), *citing Cotton*, 559 F.2d at 1330.

In addition to approval of the settlement amount, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009).

### B. The Proposed Settlement is Fair and Reasonable

#### I. A *Bona Fide* Dispute Exists Between the Parties.

This Court should approve the proposed settlement because it reflects a fair, just, and reasonable compromise of a *bona fide* dispute regarding Defendants' alleged FLSA liability and the FLSA's application to Plaintiff's claim. Plaintiff claims overtime pay at a rate of time and one-half was required because he worked as a general laborer and was tasked with making or breaking up concrete and waterproofing basements. (PageID. 38). Defendants deny that they violated the FLSA by failing to pay employees, including Plaintiff, time and one-half for each hour worked in excess of forty (40) per workweek. (Page ID. 40).

#### II. The Settlement Is the Product of Good Faith, Arms-Length Negotiations by Experienced Counsel without Fraud or Collusion.

At all times during this litigation, Plaintiff and Defendants have been represented by experienced counsel, and the settlement amount and the final Settlement Agreement were the subject of arms-length negotiations. Additionally, there has been no collusion, fraud, or any other inappropriate conduct by either Plaintiff or Defendants in this case, and the settlement was ultimately agreed upon after the Parties' thorough investigation into the merits of their respective claims and defenses. Based on the amounts to be paid to Plaintiff, as well as the separate amounts to be paid to Plaintiff's counsel, the Parties believe it is apparent that there was no fraud or collusion.

### III. This Case Has Advanced To a Stage at Which the Risks of Continued Litigation Can Be Assessed.

The probability of success on the merits and length of future litigation also militate in favor of this settlement. Although the Parties continue to firmly believe in the merits of their respective claims and defenses, given the time and expenses associated with full-blown litigation and discovery, the uncertainty of motion practice and trial, and the risk of delay, the Parties agree that a compromise consisting of the Agreement terms is appropriate at this stage of the litigation to avoid the time and expense inherent in continued litigation. *See Lynn's Food*, 679 F.2d at 1354 ("Thus, when the parties [to litigation] submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching.").

### C. PLAINTIFFS' ATTORNEY FEES AND COSTS

Section 216(b) of the FLSA provides that "[t]he court in such action *shall*, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b) (emphasis added). An award of attorneys' fees to a prevailing plaintiff under § 216(b) of the FLSA is mandatory, but the amount of the award is within the discretion of the judge. *Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir.

1994). Here, the parties agreed to an attorney fee payment as set forth in the settlement agreement (Exhibit B, ¶ 1(c)). The attorney fee was agreed upon separately and without regard to the amount paid to Plaintiff. *Bonetti v. Embarq Mgmt. Co.*, 715 F.Supp.2d 1222, 1228 (M.D. Fla. 2009).

Congress enacted fee-shifting statutes in order to ensure that federal rights are adequately enforced. Under a fee-shifting statute, "a 'reasonable' fee is a fee that is sufficient to induce a capable attorney to undertake the representation of a meritorious" action to vindicate the rights protected under the statute. *Perdue v. Kenny A.*, 559 U.S. 542, 552 (2010). "Fee awards must be structured so that attorneys of quality and experience with other profitable demands upon their time will not need to sacrifice income available in alternative enterprises in order to effect a public policy intended to protect all citizens." *Casey v. City of Cabool*, 12 F.3d 799, 805 (8th Cir. 1993). The Supreme Court has stated that there is a "strong presumption" that the lodestar figure represents a reasonable attorneys' fee, which may be overcome only "in those rare circumstances in which the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee." *Perdue,* 559 U.S. at 552.

Moreover, "[i]n FLSA cases, like other discrimination or civil rights cases, the attorneys' fees need not be proportional to the damages plaintiffs recover, because the award of attorneys' fees in such cases encourages the vindication of Congressionally identified policies and rights." *Spencer v. Cent. Servs., LLC*, 2012 U.S. Dist. LEXIS 4927, *11, 2012 WL 142978 (D. Md. Jan. 13, 2012). The FLSA is a remedial statute that "'has been construed liberally to apply to the furthest reaches consistent with congressional direction.'" *Johnston v. Spacefone Corp.*, 706 F.2d 1178, 1182 (11th Cir.1983) (quoting *Mitchell v. Lublin, McGaughy & Assocs.*, 358 U.S. 207, 211, 79 S.Ct. 260, 264, 3 L.Ed.2d 243 (1959)). Awarding employees their attorneys' fees is necessary to "provide an adequate economic incentive for private attorneys" to take FLSA cases and

6

"thereby to ensure competent legal representation for legitimate claims." *Odil v. Evans*, 2005 WL 3591962, at *3 (M.D. Ga. 2005). Here, Plaintiff's counsel's attorneys' fees and costs are based upon their lodestar through the settlement process and are reasonable given the complex legal theories presented in the case, the amount of resources expended to investigate, research, and analyze Plaintiffs' claims and negotiating the settlement. Specifically, Plaintiff's counsel has litigated this case, which has entailed: investigating the claims, drafting pleadings, and negotiating settlement, researching, writing, and more. The activities undertaken in litigating this case and reaching the present agreement were reasonable and necessary.

The fees contained in the settlement agreement are consistent with the lodestar amount. The lodestar amount is the "reasonable hourly rate multiplied by hours reasonably expended." *Grissom v. Mills Corp.*, 549 F.3d 313, 320 (4th Cir. 2008). As to the time and labor required for this litigation, attached to this Motion as **Exhibit C** is the Declaration of Robert Alvarez (lead counsel for Plaintiff) outlining the attorneys' fees and litigation expenses incurred in this action and the reasonableness of said fees and expense as well as a copy of his firms' retainer agreement (**Exhibit B**). At the time this motion was drafted, Plaintiff's Counsel has expended 145.1 hours litigating this case. The settlement agreement before the court seeks attorney fees for the 145.1 hours Plaintiff's Counsel spent performing work related to this case. This results in a lodestar of $275.67 per hour ($40,000 / 145.1 hours = $275.67 per hour).[1] As Plaintiff counsel's total fees and costs as outlined in his declaration are $43,672.92, Plaintiff believes the

---

[1] Plaintiff's counsel, Robert Anthony Alvarez, has been awarded a rate of $350 per hour in the past. Sinoe Sanchez Munoz v. Jose Rodriguez - Case No. 1:15-cv-424 (ECF 10, 11 and 12) ($350/hr attorney rate and $125/hr paralegal rate approved); Miguel Angel Alvarez & Juan Rodas v. Patrick Davies - Case No. 1:15-cv-417 (ECF No. 10. 11 and 12) ($350/hr attorney rate and $125/hr paralegal rate approved); Laurencio Bautista Cruz v. Don Pancho Market, LLC - Case No 1:15-cv-689 (ECF 64 and 66); Morales Vega et al v. PL Slaton, Inc., Case No. 1:15-cv-1272 ( ECF 66) (approving a lodestar amount of $305.39 per hour); Hayes et al v. XPO LM., Case No. 1:17-cv-319 (ECF 61) (approving a lodestar amount of 207.64); Easterday v. A Forever Recovery, Case No. 1:17-cv-860(ECF 16) (approving a lodestar amount of $307.69); Martinez et al v. FSA, Case No. 1:17-cv-321 (ECF 35)(approving a lodestar amount of $344.59).

amount negotiated in the settlement agreement for fees to be a reasonable amount.[2]  The Sixth Circuit has held that "[a] reasonable fee is one that is adequate to attract competent counsel, but . . . [does] not produce windfalls to attorneys." *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999).  Plaintiff submits that his attorneys' fees and costs are reasonable and should be approved.

### I.     CONCLUSION

This FLSA settlement is a product of an arms-length negotiation between counsel that has resolved a *bona fide* dispute concerning overtime wages.  The settlement is fair and reasonable and provides Plaintiff with meaningful monetary relief.  For these reasons, and based upon the foregoing, the Parties jointly believe the settlement terms are fair, reasonable, and adequate, and consistent with the intent and purpose of the FLSA.  Accordingly, the Parties respectfully request that the Court grant this Joint Motion to Approve Settlement Agreement and to Dismiss Case with Prejudice.

A proposed order is attached hereto as **Exhibit D**.

Respectfully submitted,

Dated:     March 18, 2021          By:     /s/ *Robert Anthony Alvarez*
Robert Anthony Alvarez (P66954)
AVANTI LAW GROUP, PLLC
Attorney for Plaintiff
600 28th St. SW
Wyoming, MI 49509
(616) 257-6807

Dated:     March 18, 2021          By:     /s/*Kevin B. Even*
Kevin B. Even (P38599)
SMITH HAUGHEY RICE & ROEGGE
Attorney for Defendants
900 Third St., Ste. 204
Musekgon, MI 49440
(231) 724-4320

---

[2] Plaintiff's counsel notes that his retainer agreement indicates that his firm would be entitled to a percentage of the award or the lodestar whichever is greater.

8